**XUEHUA SUN, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

**No. 05–74080.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 1, 2009.

Filed June 17, 2009.

*also Granados–Oseguera v. Mukasey,* 546 F.3d 1011, 1016 (9th Cir.2008).

Melanie M. Yang, Esq., Law Offices of Melanie M. Yang, Monterey Park, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Richard M. Evans, Esq., DOJ–U.S. Department of Justice, Civil Div./Office of Immigration, Washington, DC, Deborah J. Groom, Esq., USFO–Office of the U.S. Attorney, Western District of Arkansas, Fort Smith, AR, for Respondent.

Before: RYMER, GRABER, and BEA, Circuit Judges.

**MEMORANDUM** *

Sun Xuehua, a native and citizen of China, petitions for review of the Board of

---

* This disposition is not appropriate for publication and is not precedent except as provided

Immigration Appeals's (BIA) decision affirming the decision of an immigration judge (IJ) denying Sun's application for asylum, withholding of removal, and relief under the Convention Against Torture (CAT).[1] We have jurisdiction pursuant to 8 U.S.C. § 1252(a).

■ The BIA denied Sun's application for asylum as untimely. We lack jurisdiction to review this determination because it was based on the BIA's factual determination that Sun did not show changed circumstances to justify filing her application more than one year after entering the United States. *See* 8 U.S.C. § 1158(a)(3). Therefore, Sun's petition for review of the BIA's denial of her asylum claim is dismissed.

■ The BIA dismissed Sun's appeal with respect to her withholding of removal claim because it found no clear error in the IJ's adverse credibility finding. However, we find that the following reasons the IJ gave for finding Sun not credible are not supported by substantial evidence: (1) that Sun stated in her declaration that the Chinese government's crackdown on Falun Gong began in 1998; (2) that Sun's testimony that she was demoted and suffered problems at work after her forced abortion was inconsistent with the fact Sun was later promoted and given a visa; and (3) that Sun's testimony that she sent her friend articles about the crackdown on Falun Gong was inconsistent with evidence in the record that the general public knew about the crackdown. Therefore, these reasons cannot support the IJ's adverse credibility finding. *See Gui v. INS,* 280 F.3d 1217, 1225 (9th Cir.2002).

The IJ failed to give Sun an opportunity to explain the following other inconsistencies in her testimony: (1) Sun's testimony that she practiced Falun Gong openly each day at work but the Chinese government did not know she practiced Falun Gong; (2) Sun's testimony that the reason she sent articles about the Chinese government's crackdown on Falun Gong to her husband was so he would know about the crackdown and her testimony that she sent the articles to her husband to give to her co-practitioners; and (3) Sun's ambiguous statement that her family practiced Falun Gong. Therefore, we grant Sun's petition with respect to her withholding of removal claim, and we remand to the BIA on an open record. *See Soto–Olarte v. Holder,* 555 F.3d 1089, 1093–96 (9th Cir.2009).

**DISMISSED IN PART and GRANTED IN PART.**

The parties shall bear their own costs on appeal.

1. Sun does not appeal the BIA's denial of her request for CAT relief.